**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| JOHN CHAMBLEE, Individually and on Behalf of All Others Similarly Situated,<br><br>                               Plaintiff(s),<br><br>    v.<br><br>TERRAFORM POWER, INC., et al.,<br><br>                                 Defendants. | No.: 8:16-cv-00981-PX<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CLEMENS SCHLETTWEIN AND JEROME SPINDLER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS .............................................................................................................1

ARGUMENT ..................................................................................................................................4

    A.    SCHLETTWEIN AND SPINDLER SHOULD BE APPOINTED LEAD PLAINTIFF ..............................................................................................................4

        1.    Schlettwein and Spindler are Willing to Serve as Class Representatives ....5

        2.    Schlettwein and Spindler Have the "Largest Financial Interest" .................6

        3.    Schlettwein and Spindler Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure ..........................................................7

        4.    Schlettwein and Spindler Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Unique Defenses ...................9

    B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED.9

CONCLUSION ..............................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**  **Pages**

*A.F.I.K. Holding SPRL v. Fass*,
   216 F.R.D. 567 (D. N.J. 2003) ............................................................................................... 5

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ............................................................................................................... 7

*Baby Neal v. Casey*,
   43 F.3d 48 (3d Cir. 1994) ....................................................................................................... 6

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006) ............................................................................................... 6, 7

*Danis v. USN Communs., Inc.*,
   189 F.R.D. 391 (N.D. Ill. 1999) ............................................................................................ 6

*Fischler v. Amsouth Bancorporation*,
   176 F.R.D. 583 (M.D. Fla. 1997) .......................................................................................... 6

*Gluck v. Cellstar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) ....................................................................................... 6

*Greebel v. FTP Software*,
   939 F. Supp. 57 (D. Mass. 1996) .......................................................................................... 6

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
   2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004) ......................................................... 5

*In re Comverse Tech., Inc., Sec. Litig.*,
   2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ....................................................... 5

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp.2d 286 (E.D.N.Y. 1998) .................................................................................... 5, 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................ 6

*In re Vicuron Pharms., Inc. Sec. Litig.*,
   225 F.R.D. 508 (E.D. Pa. 2004) ............................................................................................ 5

*Janovici v. DVI, Inc.,* No. 03-4795,
   2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003) ....................................................... 5

*Lax v. First Merch. Acceptance Corp.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ........................................................ 4

*Osher v. Guess?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ......................................................... 8

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986) ................................................................................................ 7

## **Statutes**

15 U.S.C. § 78u-4(a)(3) ................................................................................................... *passim*

## **Rules**

Rule 23 of the Federal Rules of Civil Procedure ............................................................... *passim*

Rule 42 of the Federal Rules of Civil Procedure ......................................................................... 1

Clemens Schlettwein and Jerome Spindler (collectively, "Schlettwein and Spindler") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) appointing Schlettwein and Spindler as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the publicly traded securities of TerraForm Power, Inc. ("TerraForm Power" or the "Company") between May 7, 2015 and March 15, 2016, inclusive (the "Class Period); (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the court is to appoint as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Schlettwein and Spindler, with losses of approximately $63,148, have the largest financial interest in the relief sought in this action. Schlettwein and Spindler further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as they are adequate representatives with claims typical of the other Class members. Accordingly, Schlettwein and Spindler respectfully submit that they should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

TerraForm Power owns and operates solar and wind generation assets serving utility, commercial, and residential customers. As of February 20, 2015, its portfolio consisted of solar and

wind projects located in the United States, Canada, the United Kingdom, and Chile with an aggregate nameplate capacity of 1,507.3 megawatts. TerraForm Power was founded in 2014. The Company was formerly known as SunEdison Yieldco, Inc. and changed its name to TerraForm Power, Inc. in May 2014. The Company is based in Bethesda, Maryland, and its stock trades on the NASDAQ under the ticker symbol "TERP."

TerraForm Power's controlling shareholder is SunEdison, Inc. ("SunEdison"), and there is significant overlap between the management of TerraForm Power and SunEdison and SunEdison's other affiliates: Brian Wuebbels ("Wuebbels"), TerraForm Power's former Chief Executive Officer ("CEO"), has served as Chief Financial Officer ("CFO") and Executive Vice President of SunEdison since May 2012 and as SunEdison's Chief Administrative Officer since December 2014; Rebecca Cranna ("Cranna"), TerraForm Power's CFO, has served as SunEdison's Senior Vice President and CFO of Global Asset Management since 2014; and defendant Carlos Domenech Zornoza ("Domenech"), TerraForm Power's former CEO, served as Executive Vice President of SunEdison from November 2009 to January 2014, and has held management positions at other SunEdison affiliates, including SunEdison Capital, LLC and SunEdison LLC.

On October 5, 2015, SunEdison filed a Form 8-K with the SEC announcing layoffs of 15% of its workforce and restructuring charges of $30 to $40 million for the third quarter of 2015 through the first quarter of 2016. The following day, the *Wall Street Journal* reported that SunEdison had failed to make a required $400 million upfront payment for a roughly $700 million planned acquisition. Through these and related disclosures, it quickly became apparent to the market that SunEdison was over-leveraged and lacked the cash to sustain its acquisition-driven, yield-co-dependent business model. Several prominent hedge funds sold their SunEdison positions as analysts downgraded the stock.

Throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) TerraForm Power's Management Services Agreement with SunEdison exposed TerraForm Power to risks associated with SunEdison's internal financial controls and any deficiencies therein; (ii) consequently, TerraForm Power lacked effective internal financial controls; and (iii) as a result of the foregoing, TerraForm Power's public statements were materially false and misleading at all relevant times.

On February 29, 2016, SunEdison announced that it was delaying the filing of its fiscal year 2015 Form 10-K with the SEC, citing "(1) the need to complete all tasks and steps necessary to finalize the annual financial statements and the other disclosures required to be included in that filing, and (2) ongoing inquiries and investigations by the Audit Committee . . . relating to allegations concerning the accuracy of SunEdison's anticipated financial position." SunEdison stated that it expected to file its Form 10-K by March 15, 2016.

On February 29, 2016, TerraForm Power also announced that it was delaying the filing of its fiscal year 2015 Form 10-K with the SEC and also expected to file the Form 10-K by March 15, 2016. TerraForm Power cited only "the need to complete all steps and tasks necessary to finalize the Company's annual financial statements and other disclosures required to be in the filing."

On March 16, 2016, SunEdison announced a further delay in the filing of its Form 10-K beyond the extended due date of March 15, 2016, after "the identification by management of material weaknesses in its internal controls over financial reporting."

On March 16, 2016, TerraForm Power also announced a further delay in the filing of its Form 10-K beyond the extended due date of March 15, 2016, after identifying material weaknesses in its internal controls over financial reporting. TerraForm Power stated, in part:

> Due to our management services arrangement with SunEdison under the Management Services Agreement, our financial reporting and control processes rely to a significant extent on SunEdison systems and personnel. As a result, *if there are control deficiencies at SunEdison, including with respect to the systems we utilize, it is necessary for us to assess whether those deficiencies could affect our financial reporting* and, if so, address them to the extent necessary and appropriate prior to filing our Form 10-K.

(Emphasis added.)

On this news, TerraForm Power stock fell $0.83, or 7.87%, to close at $9.72 on March 16, 2016.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### A. SCHLETTWEIN AND SPINDLER SHOULD BE APPOINTED LEAD PLAINTIFF

Schlettwein and Spindler should be appointed Lead Plaintiff because they have the largest financial interest in the Action and otherwise meet the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Schlettwein and Spindler satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Schlettwein and Spindler are Willing to Serve as Class Representatives

On April 4, 2016, counsel for plaintiff in the above-captioned action caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of TerraForm Power securities that they had until June 3, 2016 to file a motion to be appointed as Lead Plaintiff. *See* Declaration of Jeremy A. Lieberman in Support of Motion by Schlettwein and Spindler for Appointment as Lead Plaintiff and Approval of Counsel ("Lieberman Decl."), Ex. A.

Schlettwein and Spindler have filed the instant motion pursuant to the Notice, and have attached Certifications attesting that they are willing to serve as representatives for the Class, and provide

testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. B. Accordingly, Schlettwein and Spindler satisfy the first requirement to serve as Lead Plaintiff of the Class.

### 2. Schlettwein and Spindler Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Schlettwein and Spindler believe that they have the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See, e.g.*, *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D. Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. June 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D.N.J. 2003).

During the Class Period, Schlettwein and Spindler (1) purchased 4,000 shares of TerraForm Power securities; (2) expended $100,700 on their purchases of TerraForm Power securities; (3) retained all of their TerraForm Power shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $63,148. *See* Lieberman Decl., Ex. C. Because Schlettwein and Spindler possess the largest financial

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Schlettwein and Spindler Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Commc'ns., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the

7

incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of Schlettwein and Spindler are typical of those of the Class. Schlettwein and Spindler allege, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning TerraForm Power, or omitted to state material facts necessary to make the statements they did make not misleading. Schlettwein and Spindler, as did all members of the Class, purchased TerraForm Power securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Schlettwein and Spindler are adequate representatives for the Class. There is no antagonism between the interests of Schlettwein and Spindler and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Moreover, Schlettwein and Spindler have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. Schlettwein and Spindler Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Unique Defenses

The presumption in favor of appointing Schlettwein and Spindler as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of Schlettwein and Spindler to fairly and adequately represent the Class has been discussed above. Schlettwein and Spindler are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class. Accordingly, Schlettwein and Spindler should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS

9

6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Schlettwein and Spindler have selected Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class. Both firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes. *See* Lieberman Decl., Exs. D, E. As a result of the firms' extensive experience in litigation involving issues similar to those raised in the Related Actions, Schlettwein and Spindler's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by Schlettwein and Spindler, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Schlettwein and Spindler respectfully request that the Court issue an Order (1) appointing Schlettwein and Spindler as Lead Plaintiff for the Class; (2) approving Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   June 3, 2016

            Respectfully submitted,

            **COHEN MILSTEIN SELLERS**
              **& TOLL PLLC**

            /s/ Daniel S. Sommers
            Steven J. Toll (Maryland Bar No. 15824)
            Daniel S. Sommers (Maryland Bar No. 15822)
            S. Douglas Bunch
            1100 New York Avenue N.W.
            East Tower, Suite 500

Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
      dsommers@cohenmilstein.com
      dbunch@cohenmilstein.com

*Attorneys for Movants and*
*Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
      ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Attorneys for Movants and*
*Proposed Lead Counsel for the Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
      pkim@rosenlegal.com

*Additional Counsel for Movants*