IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN CHAMBLEE | * | |
| *Individually and on Behalf of All* | | |
| *Others Similarly Situated,* | * | |
| | | |
| Plaintiff, | * | |
| | | |
| v. | * | Civil Action No. PX 16-00981 |
| | | |
| TERRAFORM POWER, INC., | * | |
| CARLOS DOMENECH ZORNOZA and | | |
| ALEJANDRO HERNANDEZ, | * | |
| | | |
| Defendants. | * | |

******

**LETTER ORDER**

This case is a putative securities class action brought by Plaintiff shareholders against TerraForm Power and certain of its officers. ECF No. 1. Pending is Plaintiffs' Unopposed Motion for Appointment of Clemens Schlettwein and Jerome Spindler (collectively, "Schlettwein and Spindler") as Lead Plaintiffs and Approval of Counsel pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). ECF No. 35. Schlettwein and Spindler seek the benefit of the PSLRA's rebuttable presumption that they are the most adequate plaintiffs to represent the class by establishing that they are a "group of persons" who "(aa) ha[ve] either filed the complaint or made a motion in response to notice . . .; (bb) in the determination of the Court, ha[ve] the largest financial interest in the relief sought by the class; and (cc) otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also* ECF No. 36 at 9.

Plaintiffs have failed to provide any evidence regarding how their collective $63,148 loss constitutes the "largest financial interest" in the relief sought by the class. Averring to the Court an absolute loss of $63,148, without providing any comparison to any other shareholder losses, gives the Court no basis to assess whether this collective loss is indeed the largest. Because there may be only one person or persons with the "largest financial stake in the litigation," *Clair v. DeLuca*, 232 F.R.D. 219, 225 (W.D. Pa. 2005) (citations and internal quotation marks omitted), the Court requires more than Plaintiffs' bare insistence that this is so.

Additionally, with regard to satisfying the requirements of Rule 23, Schlettwein and Spindler have given this Court no information by which to assess their adequacy as class representatives.

U.S. District Court (Rev. 1/2000)

The purpose of the PLSRA is to "ensure more effective representation of investor interest in private securities class actions by transferring control of such lawsuits from the class action attorneys to the investors." *In re Lucent Techs., Inc., Sec. Litig.*, 194 F.R.D. 137, 144 (D.N.J. 2000). "Ideally, courts will appoint institutional investors with large holdings in the stock as lead plaintiff" given their "incentives to monitor their suits closely because of their substantial stakes in the stock at issue, thereby eliminating frivolous tactics and settlements that inflate attorneys' fees." *Haung v. Acterna Corp.*, 220 F.R.D. 255, 258 (D. Md. 2004) (quoting *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1066 (C.D. Cal 1999)). *See also In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 376 (E.D. Va. 2003 ) ("[T]he purpose of the PSLRA's selection-of-the-lead-plaintiff provision was to get institutional investors involved in the prosecution of securities class action suits.").

Although the Court's inquiry at this juncture should be confined to whether the movants have stated a *prima facie* case of typicality and adequacy, *see Clair*, 232 F.R.D. at 525, at this stage, the Plaintiffs have provided no information beyond the mere recitation of the basic requirements imposed by law. *Id.* at 226. The Court has no information as to whether institutional investors exist, and if so, their financial interest relative to Schlettwein and Spindler. Moreover, the Court is unable to decide whether Schlettwein and Spindler possess the sophistication and requisite incentives to monitor adequately the progression of this suit. Additionally, Plaintiffs have provided no evidence that Plaintiffs are capable of acting in a fiduciary capacity *vis* the class. *See Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 315-16 (E.D. Va. 2007).

The Court also knows nothing about the relationship between the two Plaintiffs and thus cannot assess whether together Schlettwein and Spindler can act cohesively and develop a unified plan of communication regarding the litigation. *See, e.g., Klugman v. Am. Capital, Ltd.*, No. PJM-09-5, 2009 WL 2499521, at *4 (D. Md. Aug. 13, 2009). Collective lead plaintiffs must be more than "a mere assemblage of unrelated persons who share nothing other than the fact that they suffered losses and entered into retainer agreements with the same attorneys."[1] *Id.* (internal citation and quotations omitted). In short, Plaintiffs must do more to establish their adequacy pursuant to Rule 23.

Accordingly, the Court directs Plaintiffs to provide any additional evidence pertinent to the above-described areas of concern by no later than **July 12, 2016**.

_7/6/2016_
Date

Paula Xinis
United States District Judge

---

[1] Regarding representation, the Court also requests further clarification as to the relationship between the Rosen Law Firm identified in ECF No. 38-2 as Schlettwein's retained counsel and Jeremy Lieberman from Pomerantz LLP who also identifies himself as counsel on behalf of Schlettwein. ECF No. 38.