**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| JOHN CHAMBLEE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff(s), <br><br> v. <br><br> TERRAFORM POWER, INC., CARLOS DOMENECH ZORNOZA, and ALEJANDRO HERNANDEZ, <br><br> Defendants. | No.: 8:16-cv-00981-PX <br><br> **RESPONSE TO LETTER ORDER** |

Lead Plaintiff Movants Clemens Schlettwein and Jerome Spindler (collectively, "Schlettwein and Spindler" or "Movants") hereby respond to this Court's Letter Order dated July 6, 2016 (ECF No. 43) regarding their pending Motion for Appointment as Lead Plaintiff and Approval of Counsel pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1934 (the "PSLRA").

**EVIDENCE REGARDING THE LOSSES ASSERTED**

The PSLRA directs courts to appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff, and creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that, in addition to satisfying the requirements of F.R.C.P. 23, "in the determination of the court, has the largest financial interest in the relief sought in the class" ***and*** "has either filed the complaint or ***made a motion in response to a notice***." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphases added). Accordingly, the PSLRA directs the Court to consider only

{00208199;3 }

the losses asserted by class members who have either filed a complaint or timely filed a lead plaintiff motion. The PSLRA does not consider the potential losses of other absent class members relevant for the adjudication of this motion. *Id.* Because Schlettwein and Spindler are the only movants who have a motion pending, and because they have submitted evidence of the size of their losses (*see* ECF No. 38-3), they have satisfied the requirements of the PSLRA that they demonstrate that they have the largest financial interest of any member of the class who seeks appointment as lead plaintiff.

Schlettwein and Spindler have therefore complied with the requirements of the PSLRA to demonstrate that they have the largest financial interest in the action. Here, as required by the PSLRA, counsel for Plaintiff issued a press release via *Globe Newswire* on April 4, 2016 at 5:11 pm, shortly after filing the Complaint, providing notice to all investors in TerraForm Power, Inc. ("TerraForm") securities of the pendency of this action and advising that the deadline to seek appointment as lead plaintiff was June 3, 2016. (*See* ECF No. 38-1.) Schlettwein and Spindler, in response to the notice, timely moved this Court for appointment as Lead Plaintiff, and remain the only investors to have done so—timely or otherwise. No investor has raised an issue with respect to the adequacy of the PSLRA-mandated notice or otherwise objected to Movants' appointment as Lead Plaintiff. Schlettwein and Spindler are thus the only eligible candidates for lead plaintiff appointment, irrespective of whatever losses non-moving investors may have suffered in connection with their purchases of TerraForm securities.[1] In similar situations, courts in this and other Districts have not hesitated to appoint unopposed movants with losses

---

[1] From a review of publicly available information, Movants are aware that certain institutional investors have suffered greater financial losses than Movants on their purchases of TerraForm stock in connection with the fraud alleged in this action. For example, Roxbury/Hood River Small Cap Growth Fund appears to have suffered losses of $270,926, and New Alternative Fund Inc. appears to have suffered losses of $779,700. Each of these institutions had the opportunity to seek appointment as lead plaintiff but opted not to do so. As such, Movants respectfully submit that these and other non-moving institutional investors are inadequate lead plaintiff candidates, as they have not expressed any desire to represent the putative class in this action.

comparable to those of Schlettwein and Spindler in this action as Lead Plaintiff. *See*, *e.g.*, *Miraglia v. Human Genome Scis., Inc.*, 8:11-cv-03231-RWT, 2012 U.S. Dist. LEXIS 38762, at *11-12 (D. Md. Mar. 22, 2012) ("As Mr. Pokoik [an individual investor] is the only putative class member who timely sought appointment as a lead plaintiff, has the largest financial interest in the relief sought by proposed lead plaintiff [$22,000], and otherwise meets the requisite Rule 23 standards, Mr. Pokoik is hereby appointed Lead Plaintiff for the Class.") (emphasis added); *Jolly Roger Offshore Fund v. Bkf Capital Group*, 07 Civ. 3923 (RWS), 2007 U.S. Dist. LEXIS 60437, at *7 (S.D.N.Y. Aug. 14, 2007) (unopposed movant satisfied the "largest financial interest" requirement of the PSLRA by virtue of filing an unopposed motion for lead plaintiff appointment and asserting a financial interest); *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, CV 09-3007 (SJF) (AKT), 2010 U.S. Dist. LEXIS 103218, at *13 (E.D.N.Y. Aug. 17, 2010) (unopposed movant satisfied the "largest financial interest" requirement of the PSLRA with an estimated loss of $78,366.67).

### EVIDENCE OF THE ADEQUACY OF SCHLETTWEIN AND SPINDLER

Schlettwein and Spindler are capable of monitoring adequately the progression of this lawsuit and serving in a fiduciary capacity.  Each possesses decades of investing experience and considerable managerial experience: Mr. Spindler is a retired Chief Executive Officer of a home furnishing business who has been investing since 1963, and Mr. Schlettwein has been investing for more than 20 years and is the founder and President of a non-profit foundation for the protection of animals.  Moreover, both Schlettwein and Spindler have executed certifications attesting to their willingness to serve as a representative party on behalf of the putative class in this action.  (*See* ECF No. 38-2.)  In the absence of any contrary evidence challenging the adequacy of the Movants, the certification alone and the fact that the Movants have timely filed their lead plaintiff application is *prima facie* evidence of their adequacy.  The certifications they

submitted demonstrate that they purchased TerraForm stock during the class period, and they suffered over $60,000 in losses as a result. They are, therefore, fully incentivized to work with their counsel to recover losses they sustained (as did other members of the proposed class). Moreover, as both Schlettwein and Spindler suffered comparable losses from their purchases of TerraForm securities, their interests are well aligned despite the absence of a preexisting relationship, and both are thus likewise fully incentivized to work together to recover their losses and those of the proposed class.

Adequacy is also demonstrated by the existence of competent counsel. Pomerantz LLP ("Pomerantz"), Movants' selection as Lead Counsel for the class is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous actions on behalf of investors. Moreover, Cohen Milstein Sellers & Toll PLLC, Movants' proposed liaison counsel, is highly experienced in class action litigation generally and securities litigation in particular. *See* ECF Nos. 38-4, 38-5.[2]

\* \* \*

Based on the facts presented above and on the factual and legal reasons presented in Movants' initial Motion, Movants respectfully request that the Court issue an Order pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA: (1) appointing Schlettwein and Spindler as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the publicly traded securities of TerraForm during the Class Period; (2) approving Lead Plaintiff's selection of Pomerantz LLP as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel for the Class; and (3)

---

[2] With respect to the relationship between Pomerantz and The Rosen Law Firm, P.A., Mr. Schlettwein, a client of the Rosen firm, suffered losses in connection with the fraud alleged in this action and wished to serve as Lead Plaintiff, and while the Rosen firm ultimately opted not to seek appointment as lead counsel, the firm suggested that the Pomerantz firm would be well qualified to represent Mr. Schlettwein in this matter.

granting such other and further relief as the Court may deem just and proper.

Dated: July 12, 2016

                         Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

/s/ Daniel S. Sommers
Steven J. Toll (Md. Bar No. 15824)
Daniel S. Sommers (Md. Bar No. 15822)
S. Douglas Bunch
1100 New York Avenue N.W.
East Tower, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
       dsommers@cohenmilstein.com
       dbunch@cohenmilstein.com

*Attorneys for Movant and*
*Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
       ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Attorneys for Movant and*
*Proposed Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2016, I electronically filed the foregoing Response to Letter Order with the Clerk of Court using ECF, which transmitted a copy of the foregoing to all counsel of record.

| | |
|---|---|
| Dated:   July 12, 2016 | /s/ Daniel S. Sommers<br>Daniel S. Sommers |